IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2010

# KEVIN O. HOOKS v. STEVEN DOTSON, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 09-CR-186    Joe H. Walker, Judge**

---

**No. W2009-02630-CCA-R3-HC  - Filed July 15, 2010**

---

The pro se Petitioner, Kevin O. Hooks, appeals as of right from the Hardeman County Circuit Court's summary dismissal of his petition for a writ of habeas corpus challenging his conviction for first degree felony murder.  Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Kevin O. Hooks, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter; and Rachel E. Willis, Assistant Attorney General, attorneys for the appellee, State of Tennessee.

## OPINION

A Shelby County jury convicted the Petitioner of second degree murder and first degree felony murder; the trial court merged the two convictions and imposed a sentence of life imprisonment.  The conviction and sentence were affirmed on direct appeal.  State v. Kelvin Hooks, No. W2001-01516-CCA-R3-CD, 2002 WL 31466920 (Tenn. Crim. App. Nov. 1, 2002), perm. app. denied (Tenn. Feb. 24, 2003). The Petitioner filed a petition for post-conviction relief which was denied following an evidentiary hearing.  This court affirmed the post-conviction court's action by memorandum opinion pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.  Kelvin Hooks v. State, No. W2004-02238-CCA-R3-PC, 2005 WL 1249040 (Tenn. Crim. App. May 25, 2005); see also Rule 22,

Rules of the Tennessee Court of Criminal Appeals.[1]

On October 23, 2009, the Petitioner filed a petition for a writ of habeas corpus challenging the legality of his conviction and sentence.[2] He alleges that his conviction is void due to a fatal defect in the felony murder indictment and erroneous jury instructions. On November 19, 2009, the habeas corpus court summarily dismissed the petition for failing to state a cognizable claim. The Petitioner filed a timely notice of appeal on December 15, 2009.

## ANALYSIS

On appeal, the Petitioner asserts that his allegations warrant the granting of a new trial. He also contends that the summary dismissal of his petition violated his due process rights. The State argues that none of the Petitioner's claims were cognizable in a habeas corpus proceeding; thus, the habeas corpus court correctly dismissed the petition. Following our review, we agree with the State.

"[I]n Tennessee, [the] grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

---

[1] On both direct appeal and at post-conviction, the Petitioner's name appears as "Kelvin." However, the habeas corpus petition refers to the Petitioner as "Kevin."

[2] At the time of filing, the Petitioner was incarcerated at Whiteville Correctional Facility in Hardeman County. He has since been moved to Morgan County Correctional Complex.

Typically, a challenge to the sufficiency of an indictment is not cognizable in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). Turning to the validity of the indictment challenged by the Petitioner, the indictment states that the Petitioner and a codefendant:

> did unlawfully, and with the intent to commit Robbery, kill JOE MASON during the perpetration of a Robbery, in violation of T.C.A. 39-13-202 . . . .

The Petitioner contends that the indictment erroneously charges intent and that intent is not an essential element of felony murder. However, the element of intent, as charged in the indictment, relates to the underlying felony of robbery and is a proper allegation in the indictment. See Tenn. Code Ann. 39-13-202(b). Accordingly, we conclude that this indictment sufficiently states the offense of first degree felony murder. Therefore, the Petitioner has not shown a defect depriving the convicting court of jurisdiction.

Likewise, allegations regarding jury instructions and evidentiary rulings are claims that, if proven, would render the challenged judgments voidable rather than void; therefore, they do not present cognizable claims for habeas corpus relief. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). In summarily dismissing the petition, the habeas court found that none of the allegations merited habeas corpus relief. Furthermore, as previously stated, a habeas corpus court may summarily dismiss a petition that fails to state a cognizable claim without the appointment of counsel and without an evidentiary hearing – such a procedure does not offend due process. Accordingly, the judgment of the habeas corpus court is affirmed.

CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

3